UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                               Case No. 10-cr-05 (JNE) (2)
                                                                         ORDER

David West Dixon,

        Defendant.

A jury found Defendant guilty of bank robbery. The Court sentenced him to 220 months' imprisonment. Defendant appealed. The United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Dixon*, 650 F.3d 1080 (8th Cir. 2011). Several motions of Defendant are before the Court: (1) motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A); (2) motion to correct presentence report; (3) motion to amend presentence report; (4) motion to amend the motion for a sentence reduction; (5) motion to compel the warden to allow Defendant to buy stamps; and (6) motion to supplement the record. For the reasons set forth below, the Court denies the motions regarding the presentence report, denies the motion regarding stamps, grants in part the motion to amend the motion for a sentence reduction and the motion to supplement the record, and denies the motion for a sentence reduction.

### *Presentence Report*

Defendant asserted that his presentence report erroneously describes his criminal history. In separate motions, he essentially moved to amend the presentence report to

correct the alleged error.  The Court denies the motions.¹  *See* Fed. R. Crim. P. 32(f); *United States v. Clark*, 50 F. App'x 802, 803 (8th Cir. 2002) (per curiam) (citing *United States v. Leath*, 711 F.2d 119 (8th Cir. 1983)).

### *Stamps*

Defendant moved to compel the warden to allow Defendant to buy stamps. Defendant acknowledged that he bought stamps a few weeks after he filed the motion to compel.  He asserted the stamps were subsequently confiscated.  Defendant's motion to compel the warden to allow Defendant to buy stamps is apparently moot.  In any case, Defendant may not pursue the request by means of a motion filed in his criminal case. *See United States v. Darcy*, No. 17-cr-36, 2020 WL 2573251, at *4 (W.D.N.C. May 21, 2020) ("He cannot challenge the conditions of his confinement through a motion in his criminal case."), *aff'd*, 835 F. App'x 702 (4th Cir. 2021).

### *Sentence Reduction*

Defendant filed a motion to amend his motion for a sentence reduction.  Insofar as Defendant moved to supplement the factual assertions in support of his motion for a sentence reduction, the Court grants the motion to amend.  *Cf. United States v. Bennett*, No. 19-cr-255, 2021 WL 2310391, at *2 (D. Minn. June 7, 2021) ("This Court has previously found that § 3582 'does not require "that the reasons presented to the warden must mirror those presented to the district court."'"), *aff'd*, No. 21-2312, 2021 WL

---

¹ In 2018, the Court denied Defendant's "Motion to Correct Sentence Record," which sought similar relief.

6197336 (8th Cir. June 17, 2021). To the extent he sought additional relief, the motion is denied.

Defendant moved to supplement the record with three exhibits concerning the motion for a sentence reduction. Insofar as Defendant moved to supplement the record, the Court grants the motion. To the extent he sought additional relief, the motion is denied.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Exceptions to the general rule that a court "may not modify a term of imprisonment once it has been imposed" appear in 18 U.S.C. § 3582(c), which states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "[T]he inmate bears the burden to establish that compassionate release is warranted . . . ." *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The United States Sentencing Commission issued a policy statement that addresses a reduction in a term of imprisonment under § 3582(c)(1)(A):

> Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a).

The policy statement details circumstances that constitute an extraordinary and compelling reason for a sentence reduction. They include certain medical circumstances of the defendant, including: (1) "[t]he defendant is suffering from a terminal illness," (2) "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that

4

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," and (3) "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1). In addition, under certain circumstances, abuse of the defendant constitutes an extraordinary and compelling reason for a sentence reduction: "[t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of . . . physical abuse resulting in 'serious bodily injury,' . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." *Id.* § 1B1.13(b)(4). "[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.*

In his motion for compassionate release, Defendant asserted that he is "blind in right eye and partially in left," that he needs extensive dental work, and that the Bureau of Prisons "does not have a program in place to prepare [an] individual with the reality [of] becoming blind." In his motion to amend, he claimed he was assaulted by correctional officers. Defendant's medical records reveal that he has received care for his eye condition. He has not established that the condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." Defendant has not established that the alleged assault by correctional officers satisfies § 1B1.13(b)(4).

5

Having reviewed Defendant's motion for a sentence reduction, the Court concludes that he has not established an extraordinary and compelling reason for a sentence reduction. The Court therefore denies his motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 219] is DENIED.

2. Defendant's motion to correct presentence report [Docket No. 220] is DENIED.

3. Defendant's motion to amend presentence report [Docket No. 222] is DENIED.

4. Defendant's motion to amend the motion for a sentence reduction [Docket No. 226] is GRANTED IN PART and DENIED IN PART.

5. Defendant's motion to compel the warden to allow Defendant to buy stamps [Docket No. 227] is DENIED.

6. Defendant's motion to supplement the record [Docket No. 232] is GRANTED IN PART and DENIED IN PART.

Dated: January 8, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge